IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   15-cv-00737-WYD-KLM

JOHN M. MULL

     Plaintiff,

v.

GRISWOLD INTERNATIONAL, LLC,

     Defendant.

# ORDER

THIS MATTER comes before the Court on Defendant Griswold International, LLC's (hereinafter referred to as "Defendant" or "GHC") Motion to Dismiss for Failure to Engage in Mandatory Pre-Litigation Mediation (ECF No. 15), filed June 23, 2015. Plaintiff filed a response and Defendant filed a reply in support of its motion. After carefully considering the pleadings submitted by both parties, I find that this matter should be stayed pending mediation pursuant to the Franchise Agreement.

By way of background, on April 9, 2015, Plaintiff, a franchisee of GHC, filed the instant action against the Defendant alleging common law fraud, fraud by omission, fraudulent concealment and negligent misrepresentation in connection with his purchase of a GHC franchise. Plaintiff also alleges breach of contract and breach of the covenant of good faith and fair dealing in performing and failing to perform the Franchise Agreement.  (Am. Compl. ¶ 1).  Defendant has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), or in the

alternative, stay these proceedings pending the outcome of mediation.

Plaintiff purchased a franchise from GHC for the delivery of non-medical home care services for senior citizens and disabled persons.  GHC represented to Plaintiff that it had a viable system under which caregivers operated as independent contractors, rather than GHC's competitors, who required franchisees to employ the caregivers directly or through a third party.  Because the caregivers were classified as independent contractors and not employees, franchisees like Plaintiff were not responsible for taxes or compliance with labor and employment laws.

Plaintiff alleges that Defendant provided him training on the independent contractor caregiver model despite the fact that it knew that new Department of Labor regulations would mandate changes to this model.  (Am. Compl. ¶ 1).  Plaintiff also alleges that he was misled by Defendant when he was told that GHC was not affected by any changes in healthcare regulations.  (Am. Compl. ¶ 2).  As a result of these alleged misrepresentations, Plaintiff claims that he "was induced by GHC to enter into a Franchise Agreement for a business that was substantially different than was presented by GHC."  (Am. Compl. ¶ 3).  Plaintiff further claims that GHC failed to fulfill its own obligations under the Franchise Agreement, and he was ultimately forced to close his business, sustaining financial losses in excess of $100,000.  (Am. Compl. ¶ 3).

The Franchise Agreement, entered into by GHC and Plaintiff, contained a section entitled "Mediation," which reads, in relevant part:

> All claims or disputes between GHC and Franchisee or its affiliates arising out of, or in any way relating to, this Agreement or any other agreement by and between GHC and Franchisee or its affiliates, or any of the parties' respective rights and obligations

>arising from such agreement, which are not first resolved through the internal dispute resolution procedure set forth in Section XVI(A) above, ***must be submitted first to mediation***, in Montgomery County, Pennsylvania under the auspices of the American Arbitration Association ("AAA"), in accordance with AAA's Commercial Mediation Rules then in effect. ***Before commencing any legal action against GHC*** or its affiliates with respect to any such claim or dispute, Franchisee must submit a notice to GHC, which specifies, in detail, the precise nature and grounds of such claim or dispute. GHC will have a period of thirty (30) days following receipt of such notice within which to notify Franchisee as to whether GHC or its affiliates elects to exercise its option to submit such claim or dispute to mediation, or such mediation proceedings have been terminated either: (I) as the result of a written declaration of the mediator(s) that further mediation efforts are not worthwhile; or (ii) as a result of a written declaration by GHC….

(Mot. at 2-3).

While Defendant spends the majority of its motion arguing that this matter should be dismissed for lack of subject matter jurisdiction or for failure to state a claim, in the end, both parties agree to stay this case in order "to permit the parties to engage in mediation." (Reply at 19, Resp. at 7). Based on my careful review of the pleadings and the Franchise Agreement, I agree with the parties that staying this matter pending the outcome of mediation would be the most appropriate and efficient course of action.

Accordingly, it is

ORDERED that Defendant's Motion to Dismiss for Failure to Engage in Mandatory Pre-Litigation Mediation (ECF No. 15) is **DENIED IN PART AND GRANTED IN PART.** The motion is denied to the extent it requests dismissal of this action. The motion is granted to the extent it requests that this matter be stayed pending mediation.

It is FURTHER ORDERED that the parties shall proceed with mediation in

accordance with the Franchise Agreement.  This Court shall retain jurisdiction until mediation has been completed.  It is

FURTHER ORDERED that since the length of the mediation process is uncertain, I find that this case should be administratively closed pursuant to D.C.COLO.LCivR 41.2 with leave to be reopened for good cause shown.  If no action is taken to reopen this case before **December 3, 2016**, the case will be dismissed without prejudice without any further notice to either party.

Dated:  December 3, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge